MARY'S OPINION HEADING 








NO. 12-10-00261-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

FREDRICK F.
SCOTT, SR.,                                   §                      APPEAL
FROM THE 349TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant, Fredrick F. Scott, Sr., of driving while intoxicated,
third offense.  The trial court assessed his punishment at imprisonment for
five years.  In one issue, Appellant challenges the sufficiency of the evidence
to support his conviction.  We affirm.

 

Background

            Appellant came into the
Food Valley convenience store on October 11, 2008.  He was stumbling and
bleeding from a cut on his ear.  He took beer from the cooler and slammed it
down on the counter.  Charmaine Donnell, the clerk on duty, knew Appellant. 
She noticed that his speech was slurred so that it was almost unintelligible. 
When she asked if he needed help because of his injury, he ignored her.  Appellant,
she testified, smelled strongly of beer and gin.  She refused to sell him beer,
because she believed he was intoxicated.  He left the store, but he angrily returned
almost immediately and she again refused to sell him beer.  He drove his car
recklessly around the gas pumps, then parked his car, and came in the store
again.  He began cursing Donnell violently, and Donnell called the police.  The
store’s surveillance video shows Appellant stumbled over the lottery ticket
machine in the store.  Donnell testified he stumbled over to the beer coolers
and stumbled out the door.

            Officer
Anthony Griffin responded to a radio dispatch that Appellant had been involved
in an altercation at the Food Valley store and that he was driving recklessly. 
Officer Griffin stopped Appellant on the side of the Food Valley store parking
lot.  Appellant smelled strongly of an alcoholic beverage, and his eyes were
glassy.  When Appellant got out of his truck, he persisted in leaning on the
vehicle for support.  Officer Griffin gave Appellant no field sobriety tests. 
When he told Appellant that he was under arrest for DWI, Appellant started
cursing the officer, telling him that he wanted to kill him and his family. 
Although the cut on Appellant’s ear required three staples to repair, Officer
Griffin believed Appellant’s conduct was due to intoxication and not his head injury.

            Officer
Vince Baker had seen Appellant’s truck being driven recklessly, at a high rate
of speed, spinning its wheels, leaving the roadway turning a corner, and
spinning its wheels in the dirt to get back on the road.  Moments later, he saw
Officer Griffin stop Appellant.  He also smelled the odor of an alcoholic
beverage about Appellant and heard him cursing Officer Griffin.  Officer Baker
found an opened 1.75 liter bottle of gin in Appellant’s truck along with
several bottles of beer.

 

Sufficiency of the Evidence

            In
his sole issue, Appellant contends that the evidence is insufficient to support
his conviction.

Standard
of Review

            In
reviewing the sufficiency of the evidence, the appellate courts must determine
whether, considering all the evidence in the light most favorable to the
verdict, the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789,
61 L. Ed. 560 (1979); Brooks v. State, 323 S.W.3d 893, 899 (Tex.
Crim. App. 2010).  Considering the evidence “in the light most favorable to the
verdict” under this standard requires the reviewing court to defer to the
jury’s credibility and weight determinations, because the jury is the sole
judge of the witnesses’ credibility and the weight to be given their
testimony.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Brooks,
323 S.W.3d at 899.  “A court faced with a record of historical facts that
supports conflicting inferences must presume–even if it does not appear
affirmatively in the record–that the trier of facts resolved any such conflicts
in favor of the prosecution. . . .”  Jackson, 449 U.S. at 319, 99
S. Ct. at 2793.

Discussion

            Officer
Griffin gave Appellant no field sobriety tests before placing him under
arrest.  There is no evidence of a breath or blood test.  Appellant’s defensive
theory was that his erratic behavior was referable to a blow on the head in the
fight that gave him the cut ear and simple anger at being told he could not buy
beer.

            All
three of the State’s witnesses knew Appellant.  They knew how he acted when he
had the normal use of his faculties. All agreed that, at the time of his
arrest, he had lost the normal use of his physical and mental faculties.  He
stumbled into and around the Food Valley store.  The clerk was a former
bartender.  Appellant’s slurred speech, strong odor of gin and beer, and
stumbling gait convinced her he was intoxicated and that she should not sell
him more beer.  Her opinion was confirmed when he returned to the store at
least two more times angrily demanding that she sell him beer, and finally
cursing her with such violence that she called the police.  He drove recklessly
around the gas pumps in front of the store.  Immediately before Appellant’s arrest
and right after Appellant left Food Valley, Officer Baker saw Appellant turn a
corner so recklessly that he ran off the road almost into the ditch.

            When
Officer Griffin stopped him, Appellant needed to lean on his truck for support
and smelled strongly of an alcoholic beverage.  He repeatedly threatened to
kill Officer Griffin and his family.  Appellant’s belligerence and general
condition explains Officer Griffin’s failure to administer any field sobriety
tests.  Neither officer believed Appellant’s cut ear was an injury serious
enough to explain Appellant’s conduct.  Donnell’s opinion that Appellant
smelled like gin was vindicated when Officer Baker found an open half gallon
bottle of gin in Appellant’s truck.

            The
evidence is sufficient to support Appellant’s conviction.  Appellant’s sole issue
is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

Bill Bass

    
Justice

Opinion delivered May 25, 2011.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

(DO NOT PUBLISH)